IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**WILLIAMSBURG PLANTATION, INC.,**

      **Plaintiff,**

    v.                              **CIVIL ACTION NO. 4:06cv102**

**BLUEGREEN CORP., et al.,**

      **Defendant.**

*MEMORANDUM OPINION & ORDER*

      This matter is before the Court on Randy Reeves ("Reeves"), David Lee ("Lee"), Derek West ("West"), Derek York ("York"), Peter Morlock ("Morlock"), Scott Howerton ("Howerton"), Rebecca Mogin ("Mogin"), Bluegreen Corporation ("Bluegreen"), and Leisure Capital Corporations' ("Leisure Capital") (collectively "Defendants") motion to remand and Williamsburg Plantation, Inc.'s ("Williamsburg Plantation") motion to realign the parties. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Williamsburg Plantation's motion to realign is **DENIED** and Defendants' motion to remand is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

      Plaintiff Williamsburg Plantation is a Virginia company with its principal place of business in James City County, Virginia. Defendant Bluegreen Corporation is a Florida company

1

with its principal place of business in Boca Raton, Florida. Leisure Capital Corporation is a Vermont company with its principal place of business in Virginia. Leisure Capital is a wholly-owned subsidiary of Bluegreen Corporation. Defendants Randy Reeves, David Lee, Derek West, Scott Howerton, Derek York, Peter Morlock, and Rebecca Mogin are citizens of Virginia and former employees of Williamsburg Plantation.

Williamsburg Plantation owns and operates a timeshare resort near Colonial Williamsburg. Defendant Bluegreen recently purchased its own resort in the Colonial Williamsburg area. On July 21, 2006, Williamsburg Plantation filed a complaint in the Circuit Court for James City County against Defendants that alleged breach of contract and breach of fiduciary duty against various individual defendants, tortious interference with contract against Bluegreen, and statutory business conspiracy against all the defendants. On August 8, 2006, Defendants Reeves, Lee, West, York, and Morlock filed an answer and counterclaim against Williamsburg Plantation alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), breach of contract, and violations of Virginia statutory employment law.

On August 17, 2006, Williamsburg Plantation filed a notice of removal. On August 22, 2006, Defendants West, York, Morlock, Reeves, Lee, Howerton, and Mogin filed a motion to remand. On August 25, 2006, Williamsburg Plantation filed a motion to realign the parties and an opposition to the motion to remand. On August 30, 2006, Bluegreen and Leisure Capital filed a motion to remand and Defendants West, York Morlock, Reeves, Lee, Howerton, and Mogin filed an opposition to the motion to realign the parties. On September 7, 2006, Williamsburg Plantation filed a reply brief in support of the motion to realign the parties. On September 8, 2006, Bluegreen and Leisure Capital filed an opposition to the motion to realign the parties. On

September 13, 2006, Williamsburg Plantation filed an opposition to Bluegreen and Leisure Capitals' motion to remand.

## II. LEGAL STANDARD

Removal of a case from state to federal court is accomplished through 28 U.S.C. § 1441(a) (2000), which states in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). In addition, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (2000). Moreover, the United States Court of Appeals for the Fourth Circuit has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005).

The only possible ground for federal jurisdiction in the instant case is federal question jurisdiction. Federal question jurisdiction exists under 28 U.S.C. § 1331 (2000) for "all civil actions arising under the Constitution, laws, or treaties of the United States." Under the well-pleaded complaint rule, "merely having a federal defense to a state law claim is insufficient to support removal." *Lontz*, 413 F.3d at 439; *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court

3

unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law."). In order to remove a case under federal question jurisdiction, the federal question "must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936), *quoted in Lontz*, 413 F.3d at 439.

### III. DISCUSSION

Williamsburg Plantation acknowledges the rule that only defendants can remove cases, but argues that the parties in the instant case should be realigned so that Williamsburg Plantation is a defendant. The basis for Williamsburg Plantation's argument for realignment is that the FLSA counterclaim asserted against it provides for an opt-in class action, so that the majority of the "counterclaim plaintiffs" are not connected to Williamsburg Plantation's original action. Williamsburg Plantation argues that the new unrelated federal claim and expansion of the parties changes the character of the entire action so that Williamsburg Plantation is a defendant capable of obtaining removal.

The United States Supreme Court has held that a counterclaim cannot serve as the basis for "arising under" federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). In *Holmes Group*, a defendant asserted a compulsory patent law counterclaim and argued that the well-pleaded complaint rule would allow the counterclaim to serve as the basis for federal question jurisdiction. *Id.* at 828-30. The Supreme Court disagreed, stating that, "[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831. The Supreme Court reasoned that, "[A]llowing responsive pleadings by the defendant to

establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* at 832.

The only federal question in the present case is the FLSA counterclaim. Under the clear rule of *Holmes Group*, this cannot serve as the basis for federal question jurisdiction. Williamsburg Plantation nevertheless argues that this rule should not apply because the parties need to be realigned.

It is true that the state court caption is not always determinative of which party is the plaintiff and which is the defendant for removal purposes. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 579-80 (1954) (holding that a condemnor railroad in a condemnation proceeding is the true plaintiff for removal purposes even though a state statute required captioning the railroad as the defendant). Whether a party is a plaintiff or a defendant under the removal statute is question of federal statutory interpretation. *See Mason City & Fort Dodge R.R. Co. v. Boynton*, 204 U.S. 570, 579 (1907). "The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

There is no issue of an unusual state law party characterization in the instant case. Williamsburg Plantation simply argues that this Court should realign the parties because of the nature of the federal counterclaim asserted against it. Williamsburg Plantation offers no standards for doing so; it only states that this case is unusual because the FLSA claim is a class action where many of the class members would have no relation to this lawsuit other than as

5

plaintiffs against Williamsburg Plantation. This is an insufficient justification for realigning the parties. Williamsburg Plantation attempts to characterize its removal action as appropriate through party realignment. The effect of such realignment would be to avoid the requirements of the well-pleaded complaint rule. The Supreme Court has never elucidated an "unusual case" exception to the well-pleaded complaint rule. Williamsburg Plantation chose to litigate against the Defendants in state court; it should not now be able to change the forum simply because it now faces a federal law counterclaim from the Defendants.

Williamsburg Plantation relies primarily on *Miller v. Washington Workplace, Inc.* to support its argument. 298 F. Supp. 2d 364 (E.D. Va. 2004). In *Miller*, an employer filed a state court breach of contract action against a former employee. *Id.* at 369. The employee then filed a counterclaim against the employer and another claim against a third-party defendant based on Title VII of the Civil Rights Act of 1964. *Id.* The employer and the third-party defendant then removed the case to federal court. *Id.*

There is no discussion concerning the appropriateness of removal in *Miller*. The court in *Miller* simply states that federal question jurisdiction is appropriate based on the Title VII claims, and that the court had granted a motion to realign the parties so that the employer, the original state court plaintiff, became a defendant and counter-plaintiff in federal court. *Id.* The balance of *Miller* is a lengthy discussion of the sufficiency of the former employee's claims against the employer and third-party defendant. *Miller* does not engage in any federal question or removal analysis and does not cite *Holmes Group* or any other relevant case law. In short, *Miller* cannot stand for the affirmative proposition that a federal court should realign the parties to a state court

action so as to make removal possible where the only federal question present is in the state court defendants' counterclaim.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Williamsburg Plantation's Motion to Realign Parties. The Court **GRANTS** Defendants' Motion to Remand.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 2, 2006