IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

WILLIAMSBURG PLANTATION, INC.,

        Plaintiff,

    v.                                  CIVIL ACTION NO. 4:06cv102

BLUEGREEN CORP., et al.,

        Defendant.

### *MEMORANDUM OPINION & ORDER*

This matter is before the Court on Defendants' Bluegreen Corporation ("Bluegreen") and Leisure Capital Corporation ("Leisure Capital") (collectively "Defendants") motion for costs and attorney's fees. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Defendants' motion for costs and attorney's fees is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Williamsburg Plantation, Inc. ("Plaintiff") is a Virginia company with its principal place of business in James City County, Virginia. Bluegreen is a Florida company with its principal place of business in Boca Raton, Florida. Leisure Capital is a Vermont company with its principal place of business in Virginia. Leisure Capital is a wholly-owned subsidiary of Bluegreen Corporation.

1

The facts of this case are set out in more detail in this Court's previous order remanding this case to state court. *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, No. 4:06cv102, 2006 WL 3207856, at *1 (E.D. Va. Nov. 2, 2006) ("*Williamsburg Plantation*"). To summarize briefly, Plaintiff and Bluegreen each own timeshare resorts near Colonial Williamsburg, Virginia. On July 21, 2006, Plaintiff filed a complaint in state court against the present Defendants and multiple individual defendants alleging breach of contract, breach of fiduciary duty, tortious interference with contract, and statutory business conspiracy. Several individual defendants filed an answer with a counterclaim alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), breach of contract, and violations of Virginia statutory employment law. Plaintiff then removed the case to this Court, arguing that the parties should be realigned and that the FLSA couterclaim, which is in the form of a class action, provided a basis for federal question jurisdiction. On November 2, 2006, this Court entered an Order remanding the case to state court. *Williamsburg Plantation* at *4. The Court did not address the issue of costs and attorney's fees. On December 11, 2006, Defendants filed a motion for costs and attorney's fees. Plaintiff filed a response in opposition on December 21, 2006. Defendants filed a reply on December 26, 2006.

## II. LEGAL STANDARD

The federal statute governing procedure after removal provides for the possibility of an award of costs and attorney's fees. The statute provides that, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2000). The United States Supreme Court has held

that, "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 708 (2005). In addition, "[A]n award of fees under § 1447(c) is left to the district court's discretion . . . ." *Id.* at 710. "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove . . . ." *Id.* at 711.

### III. DISCUSSION

Plaintiff first argues that this Court lacks jurisdiction after remand to consider the question of attorney's fees. *See, e.g.*, *United Broad. Corp. v. Miami Tele-Commc'ns, Inc.*, 140 F.R.D. 12, 14 (S.D. Fla. 1991) (holding that an award of costs and expenses pursuant to § 1447(c) "must be taken care of in the order of remand."). However, the majority of cases that have considered the issue have held otherwise. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1257-59 (3d Cir. 1996) (holding that a district court may enter an order awarding costs and attorney's fees after it has remanded a case); *see also Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) (holding that a district court retains jurisdiction to award attorney's fees after a remand order has been issued); *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000) (same); *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) ("[A] district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order."); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court

normally retains jurisdiction even after being divested of jurisdiction on the merits."). These cases cite *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990), as authority for their holdings. *Cooter & Gell* held that a district court could consider Rule 11 sanctions even after a voluntary dismissal. *Id.* at 396. The Supreme Court noted that, "It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." *Id.* at 395. This principle makes clear that this Court retains jurisdiction to consider an award of costs and attorney's fees in the instant case.

Plaintiff nonetheless contends that *In re Lowe*, 102 F.3d 731 (4th Cir. 1996), dictates that a district court loses jurisdiction as soon as its remand order is entered. *Lowe*, however, dealt with a district court reconsidering the merits of a motion to remand after it had been entered; it did not deal with a collateral matter such as attorney's fees. *Id.* at 732-33. *See Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 711-12 (S.D.W.Va. 2000) (discussing and distinguishing *Lowe* and stating, "Because the issue of fees and costs is a collateral matter, the Court's jurisdiction to award fees and costs is not inexorably tied to the underlying action."). As explained above, this Court retains jurisdiction over collateral matters such as awards of costs and attorney's fees.

Plaintiff next argues that Defendants' motion is untimely. Plaintiff notes that some courts have adopted the fourteen day period provided by Federal Rule of Civil Procedure 54 for post-remand motions for attorney's fees and costs. *See Stallworth*, 105 F.3d at 257 (applying Rule 54 to post-remand motions for attorney's fees and costs); *Mints*, 99 F.3d at 1259 (same). The Court entered its order remanding this case on November 2, 2006. Defendants filed the instant motion

on December 11, 2006. Therefore, under the Rule 54 framework, Defendants' motion would be untimely.

Federal Rule of Civil Procedure 54(d)(2)(B) states that, "Unless otherwise provided by statute or order of the court, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment . . . ." Rule 54(a) defines "judgment" as, "a decree and any order from which an appeal lies." Defendants assert that Rule 54 does not apply in the instant case because 28 U.S.C. § 1447(d) provides that orders to remand are not reviewable on appeal. Therefore, Defendants argue, orders to remand cannot be considered a "judgment" for Rule 54 purposes. The Court is persuaded that the most natural reading of Rule 54(a)'s definition of "judgment" excludes orders to remand. Therefore, Rule 54(d)(2)(B) is inapplicable to the instant case.

Having established that jurisdiction exists and that Defendants' motion is not untimely, the Court will now address the propriety of an award of attorney's fees and costs in the instant case. Plaintiff initially sued Defendants in state court on claims based solely on state law. Plaintiff's only basis for removing this action is the FLSA class action counterclaim brought by several individual defendants. Plaintiff argued that despite the fact that it initiated this action in state court, the FLSA class action counterclaim meant that it should be realigned as a defendant and therefore able to remove under 28 U.S.C. § 1441(a) (2000). Despite Plaintiff's claim to the contrary, this Court does not view Plaintiff's position as particularly unique and worthy of realignment. Plaintiff filed a case in state court alleging violations of state law, and some of the defendants filed a federal counterclaim. The fact that the counterclaim was in the form of a class action is not particularly relevant. Plaintiff's case did not involved any of the unusual state law party characterizations that mark the federal decisions that realign parties on removal. *See*

5

*Williamsburg Plantation* at *3; *see also Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 579-80 (1954) (holding that a condemnor railroad in a condemnation proceeding is the true plaintiff for removal purposes even though a state statute required captioning the railroad as the defendant). The United States Supreme Court has squarely held that "[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Plaintiff's decision to remove this case despite this holding is not "objectively reasonable" and therefore an award of costs and attorney's fees under § 1447(c) is warranted. *Martin*, 126 S. Ct. at 708.

Plaintiff relied heavily on *Miller v. Washington Workplace, Inc.*, 298 F. Supp. 2d 364 (E.D. Va. 2004), to support its realignment and removal arguments. As this Court discussed in its remand opinion and order, although factually similar to the instant case, *Miller* contains no analysis whatsoever of the propriety of realignment or removal, nor does it contain any citation to caselaw on point, controlling or otherwise. *Williamsburg Plantation* at *3. Although *Miller* provides Plaintiff with an analogous factual situation, it nonetheless provides no legal support to Plaintiff's position. Reliance on *Miller* does not make Plaintiff's removal objectively reasonable.

Defendants request $612.58 in costs and $6,214.50 in attorney's fees. A proper fee award is determined by calculating a "lodestar fee." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* The United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit") has held that the *Johnson* factors are applied in determining the reasonable hours and rate. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

>    (1) the time and labor required;
>    (2) the novelty and difficulty of the questions;
>    (3) the skill requisite to properly perform the legal service;
>    (4) the preclusion of other employment by the attorney due to acceptance of the case;
>    (5) the customary fee;
>    (6) whether the fee is fixed or contingent;
>    (7) time limitations imposed by the client or the circumstances;
>    (8) the amount involved and the results obtained;
>    (9) the experience, reputation, and ability of the attorneys;
>    (10) the "undesirability" of the case;
>    (11) the nature and length of the professional relationship with the client; and
>    (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). In addition, "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980), *quoted in Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Moreover, the Fourth Circuit has held that, "A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

Defendants have provided an affidavit listing Defendants' attorneys' hourly rates and stating that these rates are reasonable and consistent with the rates of other attorneys with comparable knowledge, competency, and experience. The affidavit also states that the services and fees involved in the instant case on the part of Defendants' were necessary and performed at a reasonable expense. The Court has reviewed Defendants' submitted costs and time entries. The Court finds that Defendants' rates and hours are reasonable, and that Defendants' costs are adequately documented. Therefore, Defendants will be awarded costs of $612.58 and attorney's fees of $6,214.50.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for costs and attorney's fees. Defendants are awarded costs of $612.58 and attorney's fees of $6,214.50.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 2, 2007